UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTURO LOPEZ, ) | Case No.: 10-CV-01826-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION TO |
| v. ) | DISMISS WITH LEAVE TO AMEND |
| ) | |
| E TRADE BANK and DOES 2-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Defendant E*Trade Bank moves to dismiss the Complaint filed by Plaintiff Arturo Lopez, or, in the alternative, for a more definite statement. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument and will vacate the hearing date of August 26, 2010. Having considered the pleadings and the papers submitted, the Court GRANTS Defendant's motion to dismiss with leave to amend.

**I. BACKGROUND**

    **a. Procedural History**

Plaintiff Arturo Lopez, pro se, commenced this action in the Santa Clara Superior Court on March 19, 2010, asserting claims of fraud and general negligence against E*Trade Bank in connection with the origination of a loan. Compl. 1-2. Plaintiff's statement of his negligence

1

claim also alleges breach of fiduciary duty and violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and unidentified provisions of the California Business and Professional code. Compl. 5, GN-1. He seeks $300,000 in damages. Compl. 2. On April 28, 2010, Defendant E*Trade Bank, a federally chartered bank with its principal place of business in Virginia, removed the action to this Court pursuant to 28 U.S.C. § 1441. Notice of Removal of Action, at 1-2. This Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332.[1]

Defendant's motion was originally noticed for hearing on June 29, 2010, and was subsequently renoticed for hearing on August 13, 2010. Under Civil Local Rule 7-3, Plaintiff's opposition was due not less than 21 days before the noticed hearing date, or by July 23, 2010. When Plaintiff failed to file an opposition by July 28, 2010, Defendant filed and served notice of Plaintiff's nonopposition. On August 2, 2010, this case was reassigned to Judge Koh, and the motion was renoticed for hearing on August 26, 2010. At this time, approximately six days before the motion hearing, Plaintiff has neither filed an opposition or a statement of nonopposition, as required under Local Civil Rule 7-3, nor has he requested leave to submit a late filing.

### b. Factual allegations

Plaintiff's factual allegations are set forth in a very brief form Complaint filed in state court. Plaintiff alleges that Defendant, also referred to as "the broker," knowingly falsified his income on his loan application and knew that Plaintiff would be unable to afford his mortgage payments, but did not attempt to find him a better loan program or disclose to Plaintiff the possibility of foreclosure. Compl. 3, FR-1 to FR-3. Plaintiff alleges that he justifiably relied on Defendant's conduct in purchasing a home he could not afford and that as a result his home was subsequently foreclosed upon. Compl. 4, FR-5 to FR-6. He also alleges that Defendant was negligent in that it misstated his income, breached its fiduciary duty, and violated federal and state law. Compl. 5, GN-1.

---

[1] Because there is complete diversity between the parties and an amount in controversy exceeding $75,000, the Court need not decide whether the references to federal law on the face of Plaintiff's Complaint are sufficient to establish jurisdiction under 28 U.S.C. § 1331.

The Complaint does not identify the loan at issue in this action, nor does it identify the broker alleged to have defrauded Plaintiff or describe the role of E*Trade Bank in the relevant transactions. Based on documents submitted under a request for judicial notice in connection with the Motion to Dismiss,[2] it appears that Plaintiff acquired title to the property at issue in this action through a grant deed recorded November 19, 2004. Req. for Judicial Notice by Def. E*Trade Bank (RJN) Ex. A, at 1. Plaintiff executed at least four Deeds of Trust in connection with this property.

The first deed, recorded November 19, 2004, and associated with a $535,100 note (likely the purchase money loan for the property), named First Franklin Financial Corporation as lender and beneficiary and First American Title as trustee. RJN Ex. B, at 1.

The second deed, recorded April 19, 2006 and associated with a $57,500 note, named National City Mortgage as lender and beneficiary and National City Bank of Indiana as trustee. RJN Ex. C, at 1-2. National City Mortgage subsequently assigned its beneficial interest under this second deed to E*Trade Bank in an assignment recorded on December 20, 2006. RJN Ex. D.

The third deed, a home equity credit line deed of trust recorded March 13, 2007, named Marin Conveyancing Corp. as trustee and GreenPoint Mortgage Funding, Inc. (GreenPoint) as lender, with Mortgage Electronic Registration System, Inc. (MERS) as its nominee. RJN Ex. E, at 1-2.

Finally, the fourth deed, associated with a $544,000 note and recorded March 13, 2007, named Marin Conveyancing Corp. as trustee, GreenPoint as lender, and MERS as beneficiary. RJN Ex. F, at 1-2. On December 5, 2008, Quality Loan Service Corp., acting as agent for MERS, recorded a notice of default on the fourth ($544,000) deed, RJN Ex. G, at 1-2, and Plaintiff's property was sold on October 22, 2009. RJN Ex. I, at 1-2.

---

[2] Defendant requests judicial notice of nine deeds filed in the official records of Santa Clara County, California. Req. for Judicial Notice by Def. E*Trade Bank (RJN), at 1-2. Plaintiff has not opposed the request. This Court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, Defendant's request for judicial notice is granted.

3
Case No.: 10-CV-01826-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Based on these documents, it appears that Defendant E*Trade Bank's only connection to Plaintiff's loans arises from its beneficial interest in the $57,500 deed of trust, assigned to Defendant approximately seven months after the loan's origination.

## II. LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Additionally, Plaintiff's fraud claim is subject to heightened pleading requirements under Federal Rule 9(b), described in more detail below.

If the Court concludes that the Complaint should be dismissed, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The rule favoring liberality in granting leave to amend is particularly important for pro se litigants. *Id.* at 1131.

4

Case No.: 10-CV-01826-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

### III. DISCUSSION

#### a. Fraud Claim

Plaintiff's complaint first alleges that Defendant committed fraud under California law through misrepresentation and concealment. To state a claim for fraud, a plaintiff must plead "(a) misrepresentation (false representation, concealment, or nondisclosure ); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974, 64 Cal. Rptr. 2d 843, 938 P.2d 903 (Cal. 1997)).  Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b).  Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Thus, to state a claim of fraud, a plaintiff must plead "the who, what, when, where, and how" of the conduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

In this case, Plaintiff has not alleged facts sufficient to satisfy the heightened pleading standard for claims of fraud under Rule 9(b). Plaintiff pleads that "the broker" falsified Plaintiff's income on his loan application and that Defendant concealed from Plaintiff the possibility of foreclosure and failed to try to find a better loan program for him.  Compl. 3, FR-2 to FR-3. However, the Complaint does not identify the broker or describe the role of E*Trade Bank in the loan transaction.  It is not clear whether E*Trade is alleged to have been Plaintiff's broker, or if E*Trade had some other relation to the transaction.  Nor is it possible to identify the loan at issue from the face of the Complaint. As described above, Plaintiff executed at least four separate deeds of trust secured by his property, none of which clearly corresponds to Plaintiff's description of the transaction.  E*Trade Bank became the beneficiary of one of these loans through assignment, but does not appear to have been involved in the origination of any of them.  Without pleadings

5

Case No.: 10-CV-01826-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

sufficient to identify the alleged fraudulent transaction or E*Trade Bank's relationship to Plaintiff in that transaction, E*Trade Bank cannot defend against Plaintiff's charge and is left to "just deny that they have done anything wrong." *Semegen*, 780 F.2d at 731.  Plaintiff's allegations of fraud therefore fail to state a claim for relief.

Defendant claims that Plaintiff's fraud claim is also barred by the applicable three-year statute of limitations.  Cal. Code Civ. Pro. § 338(d).  Plaintiff alleges fraudulent conduct occurred on or about November 30, 2006, over three years before the commencement of this action.  Compl. 3, FR-1.  However, the statute of limitations for fraud does not begin to run until the discovery, by the aggrieved party, of the facts constituting the fraud.  *Id.*  When a motion to dismiss is based on the statute of limitations, it may only be granted if the defense is apparent on the face of the complaint.  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Since the date Plaintiff discovered the fraud cannot be ascertained from the face of the Complaint, it is not apparent that the statute of limitations has run, and the Court may not dismiss on that ground.

Defendant requests that the Court dismiss Plaintiff's claims without leave to amend, as Defendant is not a proper party to the action.  Mem. of P. & A. in Supp. of Mot. to Dismiss, at 1. The Court recognizes that if Plaintiff cannot allege any facts suggesting that E*Trade Bank acted as Plaintiff's broker or was otherwise connected to the fraud alleged in the origination of Plaintiff's loan, amendment may be futile.  However, particularly given Mr. Lopez's status as a pro se litigant, the Ninth Circuit's liberal standard favors granting Plaintiff another opportunity to plead the necessary facts.  Accordingly, Plaintiff's fraud claim is dismissed with leave to amend.  If Plaintiff wishes to state a claim for fraud in an amended complaint, he must state with particularity the facts of the alleged fraudulent conduct, including the particular loan at issue and the role that E*Trade Bank and its employees played in the transaction.

### b. Negligence Claim

Plaintiff's second claim alleges general negligence.  To state a claim for negligence, plaintiff must plead that a) defendant had a legal duty to use due care; b) defendant breached that duty; and c) the breach was the proximate cause of the resulting injury.  *Ladd v. County of San*

*Mateo*, 12 Cal. 4th 913, 911 P. 2d 496 (Cal. 1996).  Plaintiff's negligence claim states only that "Defendant misstated plaintiff's income, breached their fiduciary duty, violated Truth in Lending laws, violated the code of federal regulations namely RESPA, and numerous California Business and Professional Codes."  Compl. 5, GN-1.  Plaintiff's claim for fraud recites the fiduciary duty of a mortgage broker and indicates that Defendant breached that duty by falsifying Plaintiff's income and failing to disclose to the Plaintiff the possibility of foreclosure under the loan he entered into.  Compl. 3, FR-2 to FR-3.  However, Plaintiff nowhere alleges that E*Trade Bank acted as its broker such that it owed Plaintiff a legal duty or that E*Trade Bank had any other special relationship to Plaintiff that triggered a duty of care.

While California law imposes a fiduciary duty on mortgage brokers, no such duty is imposed on lenders or the assignees of a beneficial interest in a loan.  *Shepherd v. American Home Mortg. Services, Inc.*, No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925, at *2 (E.D. Cal. 2009) (citing *Price v. Wells Fargo Bank*, 213 Cal. App.3d 465, 476, 261 Cal. Rptr. 735 (1989)).  As a general rule, a financial institution owes no duty of care to a borrower unless it "actively participates in the financed enterprise beyond the domain of the usual money lender."  *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991).  Thus, if Plaintiff wishes to pursue a claim of negligence, he must allege sufficient facts to allow the Court reasonably to infer that E*Trade Bank acted as Plaintiff's broker or otherwise actively participated in origination of the loan beyond the domain of the usual money lender.  At this time, the pleadings are insufficient to support such an inference, and Plaintiff's Complaint therefore fails to state a claim for negligence.  Accordingly, the claim is dismissed with leave to amend.

### c.  Claims under TILA, RESPA, California Business and Professional Codes

Plaintiff's claim for negligence alleges that Defendant "violated Truth and Lending laws, violated the code of federal regulations namely RESPA, and numerous California Business and Professional codes."  Compl. 5, GN-1.  To the extent Plaintiff intended to assert separate claims under these laws, Plaintiff pleads only bare legal conclusions that are insufficient to state a claim

for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff does not specify which statutory provisions Defendant violated or allege any facts at all with respect to these claims. Thus, to the extent that claims under TILA, RESPA, and the California Business and Professional code are alleged, they are dismissed without prejudice for failure to state a claim. If Plaintiff wishes to allege violations of these laws as separate claims in an amended complaint, he must specify the statutory provisions at issue and allege facts sufficient to support an inference that Defendant violated those provisions.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED with leave to amend. Because the motion to dismiss is granted, the Court need not address the alternative motion for a more definite statement. Plaintiff may file an amended Complaint **within 30 days of the date of this order**. If Plaintiff does not serve an amended complaint within this time, this matter shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 20, 2010

_____
LUCY H. KOH
United States District Judge